IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )   Criminal No. 21-385-1 |
| | ) |
| JOSHUA YARBOUGH | ) |

## ORDER OF COURT

AND NOW, this 30th day of January, 2025, upon consideration of certain pretrial motions filed by Defendant Joshua Yarbough, (Docket Nos. 1674, 1675, 1677, 1678), and the Government's Response thereto, (Docket No. 1717 at 44-47, 49-50), IT IS HEREBY ORDERED as follows:

1. Defendant's Motion to Compel the Government to Provide a Written Statement of Uncharged Misconduct Evidence and/or Evidence Under Rule 404(b), as well as evidence under Rules 609 and 807, at least 30 days prior to trial, [1] (Docket No. 1674), Motion to Compel Disclosure of Favorable Evidence, Plea Bargains, Preferential Treatment, and Promises to Government Witnesses, (Docket No. 1675), and Motion for Early Disclosure of All Jencks Act Material, (Docket No. 1677), are denied as

---

[1]     Rule 404(b) requires the Government to provide written "reasonable notice" of other acts evidence that it intends to offer at trial, so that the defendant has a fair opportunity to meet it. *See* Fed. R. Evid. 404(b)(3)(A). What constitutes "reasonable notice" under Rule 404(b) depends on "the circumstances and complexity of the prosecution." *United States v. Johnson*, 218 F. Supp. 3d 454, 462 (W.D. Pa. 2016). In general, courts have found that notice of intent to use Rule 404(b) evidence seven to ten days prior to trial is reasonable. *See e.g., United States v. Long-Parham*, 183 F. Supp. 3d 746, 750 (W.D. Pa. 2016) ("Courts that have considered what constitutes 'reasonable notice' have concluded that notice of intent to use Rule 404(b) evidence seven to ten days prior to trial is sufficient.") (citations omitted). As for notice under Rule 609(b), the Government is required to provide "reasonable written notice" of its intent to use evidence of a conviction more than ten years old. *See* Fed. R. Evid. 609(b)(2). Finally, under Rule 807, the proponent seeking to admit evidence under the residual exception to hearsay must give an adverse party "reasonable notice" of intent to offer the statement so that the party has a fair opportunity to meet it. *See* Fed. R. Evid. 807(b). The notice must be provided in writing before the trial, or in any form during the trial if the court, for good cause, excuses a lack of earlier notice. *Id.*

premature and without prejudice, as the Court will set deadlines for the disclosure of these materials in the pretrial order and otherwise lacks the authority to order the production of Jencks Act materials until after a Government witness testifies on direct examination.[2]

2. Defendant's Motion to Preserve Agents' Rough Notes, (Docket No. 1678), is granted. *See United States v. Vella*, 562 F.2d 275, 276 (3d Cir. 1977) (holding that "the rough interview notes of F.B.I. agents should be kept and produced so that the trial court can determine whether the notes should be made available to the [defendant] under the rule of *Brady* . . . or the Jencks Act"); *United States v. Ammar*, 714 F.2d 238, 259 (3d Cir. 1983) (extending rule to require preservation of drafts of agents' reports). Here, the Government indicates that it will request that local law enforcement officers, who were involved in the investigation prior to the filing of federal charges, retain any notes they have from their investigation, and will advise them to keep and preserve any notes they take, or have taken, as part of the federal prosecution, (*see* Docket No. 1717 at 50), and it shall do so consistent with this Order.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf: All counsel of record

---

[2] The Jencks Act and Federal Rule of Criminal Procedure 26.2 provide that after a Government witness testifies, and upon motion by the defendant, the Government must produce any statement of the witness in the possession of the United States that relates to the subject matter of the witness' testimony. 18 U.S.C. § 3500(b); Fed. R. Crim. P. 26.2(a); *United States v. Weaver*, 267 F.3d 231, 245 (3d Cir. 2001). As such, "the government has no obligation to produce Jencks material until the witness has testified." *United States v. Maury*, 695 F.3d 227, 248 (3d Cir. 2012). Nevertheless, the Government indicates that some Jencks Act material, including police reports and affidavits, already have been provided to the defense in this case. (*See* Docket No. 1717 at 49). Otherwise, the Government will disclose such material "sufficiently in advance of trial to avoid delay and in accordance with the Court's pretrial order." (*See id; see also Maury*, 695 F.3d at 248 n.18 (recognizing that "[d]espite [§ 3500(a)], many federal prosecutors routinely turn over Jencks material a few days before the witness testifies")). Similar to other cases, the Court's pretrial order in this case will encourage the Government to provide Jencks Act materials prior to the pretrial conference.