IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 21-385-1 |
| | ) |
| JOSHUA YARBOUGH | ) |

**MEMORANDUM ORDER**

Defendant Joshua Yarbough and 23 others are charged in Count One of the Indictment in this case with conspiracy to possess with intent to distribute and distribute 400 grams or more of fentanyl, 280 grams or more of crack cocaine, a quantity of cocaine, a quantity of heroin, and a quantity of fluorofentanyl, in violation of 21 U.S.C. § 846, for conduct occurring from in and around August 2019 and continuing until in and around August 2021. Defendant also is charged with six counts of possession with intent to distribute and/or distribution of a quantity of fentanyl and/or a quantity of crack cocaine for conduct occurring on or about the following dates: April 26, 2021 (Count Two); April 30, 2021 (Count Three); May 25, 2021 (Count Four); May 30, 2021 (Count Five); and June 18, 2021 (Counts Eight and Nine), each in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Additionally, Defendant is charged with using, carrying and discharging a firearm during and in relation to a drug trafficking crime, and possession of a firearm in furtherance thereof, in violation of 18 U.S.C. § 924(c)(1)(A)(iii), for conduct occurring on or about June 13, 2021 (Count Six), as well as possession of ammunition by a conviction felon, in violation of 18 U.S.C. § 922(g)(1), for conduct occurring on or about June 18, 2021 (Count Seven).

Defendant has filed a number of pretrial motions. Presently before the Court is Defendant's Motion to Compel Grand Jury Testimony, wherein he requests that the Government produce all grand jury testimony taken in this case, regardless of whether a particular witness will be called to

testify at trial, for his use in connection with pretrial and trial preparation.  (*See generally* Docket No. 1676).  The Government opposes Defendant's Motion, arguing that it "has no obligation to wholesale produce secret grand jury transcripts for [Defendant's] review," but it will produce a statement made by a witness pursuant to the Jencks Act.  (Docket No. 1717 at 47).  For reasons that follow, Defendant's Motion will be denied.

It is well settled that "the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings."  *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 218-19 (1979) (enumerating interests served by safeguarding the confidentiality of grand jury proceedings); *see also Giles v. California*, 554 U.S. 353, 371 (2008) ("[T]he standard practice since approximately the 17th century has been to conduct grand jury proceedings in secret, without confrontation, in part so that the defendant does not learn the State's case in advance.").  Federal Rule of Criminal Procedure 6(e) "is intended to preserve the tradition of grand jury secrecy, creating a general rule of confidentiality for all matters occurring before the grand jury."  *United States v. Smith*, 123 F.3d 140, 148 (3d Cir. 1997) (internal quotation marks omitted).  Secrecy is not absolute, and Rule 6(e)(3) contains certain exceptions.  *See, e.g., United States v. Woodley*, Crim. No. 13-113, 2016 WL 323676, at *5 (W.D. Pa. Jan. 25, 2016) (discussing exception involving whether a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury).  To obtain grand jury transcripts, a party "must show a particularized need for [the] information which outweighs the public interest in secrecy."  *United States v. McDowell*, 888 F.2d 285, 289 (3d Cir. 1989) (citing *United States v. Procter & Gamble Co.*, 356 U.S. 677, 683 (1958)).  To do so, the requesting party must show that the material sought is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the

need for continued secrecy, and that the request is structured to cover only the material that is needed. *Douglas Oil*, 441 U.S. at 222.

Here, Defendant has not cited any exception in Rule 6(e)(3) authorizing disclosure of the grand jury transcripts, but he contends that they are vital for him to defend against the Government's allegations at trial and therefore they are "needed to avoid a possible injustice in another proceeding."[1] (Docket No. 1676, ¶ 8). More specifically, Defendant claims that he needs the grand jury transcripts in order to (1) develop the defense trial strategy and affirmative defenses, (2) identify potential defense witnesses, and (3) cross-examine Government witnesses. (*Id.*, ¶ 10).

Another court in this District has denied a defendant's request for grand jury transcripts premised on the exact same needs claimed by Defendant here. In *United States v. Nunez*, 2:19-CR-00381, 2021 WL 1422287 (W.D. Pa. Apr. 15, 2021), the court ruled that the defendant's "contention that the grand jury testimony [was] needed to develop the defense trial strategy and affirmative defenses, identify potential defense witnesses, and cross-examine government witnesses [was] insufficient bases for compelling the disclosure of grand jury testimony." *Id.* at *10. Other courts similarly have denied a defendant's request for the production of grand jury materials supposedly needed for trial preparation and the like. *See United States v. Royster*, Crim. No. 21-00251, 2022 WL 2274477, at *7 (D.N.J. June 23, 2022) (concluding that the defendant's request for grand jury transcripts to prepare defense and to aid in cross-examination and

---

[1] Notably, Defendant does not contend that the need for disclosure is greater than the need for continued secrecy and that his request is structured to cover only the material that is needed. *See Douglas Oil*, 441 U.S. at 222. Rather, Defendant requests "all grand jury testimony taken in this case, regardless of whether a particular witness will be called to testify at trial." (Docket No. 1676 at 1). Defendant's broad request appears to be an attempted fishing expedition, which courts routinely have rejected. *See, e.g., United States v. Weingold,* 69 F. App'x 575, 579 (3d Cir. 2003) (affirming the district court's denial of a defendant's request for disclosure of all grand jury transcripts because the "request . . . was simply a fishing expedition by the defendant"); *United States v. Slade*, Crim. No. 12-0367, 2013 WL 3344341, at *4 (E.D. Pa. July 3, 2013) ("Grand jury materials may not be disclosed to the defendant for the purpose of a fishing expedition or to satisfy an unsupported hope of revelation of useful information.") (internal quotation marks and citation omitted).

impeachment of witnesses did not establish a particularized need); *Slade*, 2013 WL 3344341, at *5 (observing that a request for grand jury materials premised on the need to prepare a defense is not a proper basis to overcome the presumption of secrecy afforded to such materials); *United States v. Reliford*, No. 11-20158, 2011 WL 2144216, at *1 (E.D. Mich. May 31, 2011) (denying request for grand jury transcripts based on assertion that without the transcripts, "the defense cannot adequately prepare a defense and cross-examine"); *United States v. Cheatham*, Crim. No. 3:2006-29, 2008 WL 311028, at *6 (W.D. Pa. Feb. 1, 2008) ("[I]t has been recognized that trial preparation is not such a particularized need.") (citation omitted).

As the Supreme Court has explained, "the typical showing of particularized need arises when a litigant seeks to use 'the grand jury transcript at the trial to impeach a witness, to refresh his recollection, to test his credibility and the like.'" *Douglas Oil*, 441 U.S. at 222 n.12 (quoting *Procter & Gamble*, 356 U.S. at 683). While Defendant broadly asserts that he needs the grand jury testimony to cross-examine Government witnesses, he fails to advance a particularized need premised on any of the bases identified by the Supreme Court in *Douglas Oil.*

With that said, "[a] defendant may be entitled to review grand jury testimony after a witness 'testifie[s] on direct examination at trial if their grand jury testimony [is] related to the subject matter of their trial testimony.'" *Nunez*, 2021 WL 1422287, at *9 (quoting *United States v. Jackson*, 363 F. App'x 159, 161 (3d Cir. 2010)). To reiterate, the Government has committed that it "will certainly produce a statement made by a witness pursuant to the Jencks Act." (Docket No. 1717 at 47). Furthermore, the Court's pretrial order will encourage the Government to produce such material prior to the pretrial conference, and the Government has indicated a willingness to do so in accordance with the Court's pretrial order. (*See* Docket No. 1771 at 2, n.2). Consequently, the Court is confident that the Government will provide Defendant with grand jury materials for

any grand jury witness who will testify at trial during the Government's case-in-chief at the appropriate time, in accordance with the Jencks Act.

In summary, while the Court has discretion to order disclosure of grand jury transcripts earlier, Defendant has not sustained his burden to show a particularized need for the early production of any such information here.

Based on the foregoing, the Court enters the following Order:

AND NOW, this 4th day of February, 2025, IT IS HEREBY ORDERED that Defendant's Motion to Compel Grand Jury Testimony, (Docket No. 1676), is DENIED.

> *s/ W. Scott Hardy*
> W. Scott Hardy
> United States District Judge

cc/ecf: All counsel of record